UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD ODELL,

         Plaintiff,

    v.

XU/TZUE, et al.,

         Defendants.

Case No. 25-cv-04306-JD

**ORDER**

Re: Dkt. Nos. 20, 22

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The defendants were served and directed to file a dispositive motion, or notice that none will be filed. This order resolves plaintiff's motion for a preliminary injunction (Dkt. No. 20) and a request for defendants to produce documents (Dkt. No. 22).

**Preliminary Injunction**

This case concerns plaintiff's treatment for post COVID-19 syndrome at San Quentin Rehabilitation Center by two doctors at that facility. Plaintiff is currently incarcerated at the California Medical Facility. The motion for a preliminary injunction asks the Court to order several doctors at California Medical Facility to provide certain treatments for plaintiff. None of the doctors are defendants in this case, and so none have been served with a complaint or otherwise made a party subject to the Court's jurisdiction. All of the doctors are located in the Eastern District of California.

A federal district court may issue injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (a person "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting

measure stating the time within which the party served must appear to defend."). The court may not attempt to determine the rights of persons not before it. *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C).

Consequently, an injunction is denied. Plaintiff was already advised that he must file a case in the Eastern District to address the medical care he received at facilities in that district. He may seek relief for these claims in the Eastern District, and not in this Court. No further filings along these lines will be accepted.

**Discovery**

Plaintiff filed discovery requests for defendants. Dkt. No. 22. Plaintiff is advised that the Court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The Court does not have the resources to oversee all discovery, and so requires that the parties present to it only their very specific disagreements.

To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. *See* Fed. R. Civ. P. 37(a); N.D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. If defendants will not provide the requested discovery, plaintiff should send them a letter stating that he intends to pursue a motion to compel.

United States District Court
Northern District of California

2

United States District Court
Northern District of California

The letter should state the specific discovery he seeks, and state the reasons that plaintiff believes he is entitled to such discovery.

Plaintiff's filing lists the discovery he seeks from defendants.  Defendants should respond to plaintiff's discovery requests and the parties will follow the process set forth above.

**CONCLUSION**

The motion for a preliminary injunction and the request for discovery are denied. Defendants will respond to plaintiff's discovery requests as noted above.

**IT IS SO ORDERED.**

Dated: January 20, 2026

JAMES DONATO
United States District Judge